**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4577**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

IRA LEE THORPE,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:15-cr-00407-WO-1)

Submitted:  February 9, 2017        Decided:  March 1, 2017

Before TRAXLER, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ira Lee Thorpe pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Thorpe to 24 months and 1 day of imprisonment, and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Thorpe's sentence is procedurally unreasonable because the district court denied Thorpe "an effective right of allocution." Thorpe has filed a pro se supplemental brief contending that his conviction violates both the Second Amendment as applied to him and due process. We affirm.

Counsel argues that Thorpe's "effective right to allocution" was violated when the district court questioned Thorpe during allocution and then penalized Thorpe for his answers when imposing sentence. Because Thorpe did not raise this objection in the district court, we review for plain error. See United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). To establish plain error, Thorpe must demonstrate that (1) the district court committed an error; (2) the error was plain; (3) the error affected his substantial rights; and (4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Puckett v. United

2

States, 556 U.S. 129, 135 (2009) (internal quotation marks omitted).

"Before imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). A court may interrupt a defendant's allocution to ask questions so long as there is no indication that the court is attempting to terminate the allocution and the defendant is given ample opportunity to speak to mitigating factors. See United States v. Covington, 681 F.3d 908, 910 (7th Cir. 2012); cf. United States v. Li, 115 F.3d 125, 133-34 (2d Cir. 1997) (holding that defendant was denied opportunity for "meaningful" allocution). Furthermore, a court may increase a defendant's sentence based on comments made during allocution if the comments are relevant to the 18 U.S.C. § 3553(a) (2012) analysis. See United States v. Smith, 424 F.3d 992, 1016-17 (9th Cir. 2005); United States v. Burgos-Andujar, 275 F.3d 23, 30-31 (1st Cir. 2001); Li, 115 F.3d at 134-35.

Although the district court often interrupted Thorpe's allocution to question him and referenced Thorpe's answers in setting the downward variance sentence, we discern no error. The district court properly noted that some of Thorpe's responses could be viewed as minimizing his acceptance of responsibility and others were of questionable veracity. We

3

conclude that the district court permissibly assessed the credibility of Thorpe's comments during allocution and appropriately considered those statements in fashioning Thorpe's sentence under § 3553(a).

Thorpe also argues that his conviction violates the Second Amendment as applied to him because his felony drug convictions are over 20 years old and he does not have a history of violent conduct. Thorpe's contention is likely waived by his guilty plea. See United States v. Fitzgerald, 820 F.3d 107, 110 (4th Cir. 2016) (recognizing that "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea" (alterations and internal quotation marks omitted)); United States v. Seay, 620 F.3d 919, 922 n.3 (8th Cir. 2010) (holding as-applied Second Amendment challenge to § 922(g) was not jurisdictional claim); United States v. Fox, 573 F.3d 1050, 1052 n.1 (10th Cir. 2009) (same). Even assuming Thorpe's claim survives his guilty plea, we conclude that the claim lacks merit. Although we have left open the possibility of a successful as-applied challenge to § 922(g)(1), United States v. Moore, 666 F.3d 313, 320 (4th Cir. 2012), given Thorpe's criminal history, he cannot meet the "law-abiding responsible citizen requirement." United States v. Pruess, 703 F.3d 242, 246 (4th Cir. 2012) (internal quotation marks omitted).

Lastly, Thorpe avers that his conviction violates his "due process reliance interests." When Thorpe pled guilty in North Carolina state court to the felony drug offenses that served as the predicates for the instant conviction, state law prohibited Thorpe from possessing firearms for five years after his release from state custody. Before Thorpe reached the five-year threshold, the North Carolina General Assembly amended the restoration of rights statute, N.C. Gen. Stat. § 14-415.1 (1995), to permanently ban convicted felons from possessing certain firearms.

Like Thorpe's Second Amendment claim, his due process claim was likely waived when he pled guilty. See Fitzgerald, 820 F.3d at 110. Notwithstanding, we conclude that Thorpe's argument fails on the merits. Because Thorpe's right to possess firearms was never restored, his state court convictions are proper predicates under § 922(g)(1). See 18 U.S.C. § 921(a)(20) (2012). Furthermore, Thorpe cites no authority for the proposition that a felon retains a due process interest in the right to bear arms under either the Second or Fourteenth Amendment. See Johnston v. State, 735 S.E.2d 859, 876 (N.C. Ct. App. 2012) ("No federal or State case has held that a convicted felon enjoys a liberty interest to bear arms under the Fourteenth Amendment."). For these reasons, Thorpe's due process claim fails.

5

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Thorpe, in writing, of the right to petition the Supreme Court of the United States for further review. If Thorpe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thorpe.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED