**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4423

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

       v.

TIMMIE TABORN, a/k/a Timothy Taborn,

      Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:15-cr-00266-JAB-1)

Submitted: June 29, 2017                       Decided: July 24, 2017

Before NIEMEYER, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, LAW OFFICE OF TODD ALLEN SMITH, Graham, North Carolina, for Appellant. Frank Joseph Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timmie Taborn pled guilty pursuant to a plea agreement to one count of possession of a firearm by a felon. He was sentenced to a term of 108 months in prison. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the district court erred in denying Taborn's motion to withdraw his guilty plea and whether his below-Guidelines sentence is procedurally and substantively reasonable. Taborn has filed a pro se supplemental brief and amendment raising various issues. We affirm.

We review the denial of a plea-withdrawal motion for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (alteration and internal quotation marks omitted). Where the district court fully complied with the Rule 11 requirements, the defendant must overcome a strong presumption that his guilty plea is final and binding. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We have developed a nonexclusive list of factors for district courts to consider when deciding whether a defendant has met this burden:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the

2

entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether [withdrawal] will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The first factor is perhaps the most important, as "the fairness of the Rule 11 proceeding is the key factor in the review of the denial of a motion to withdraw a guilty plea." *United States v. Wilson*, 81 F.3d 1300, 1306 (4th Cir. 1996).

With respect to the first *Moore* factor, we conclude based on our review of the record that the district court did not err in finding that Taborn entered a knowing and voluntary plea. Further, upon consideration of the remaining *Moore* factors, we find that the remaining factors likewise weigh against allowing Taborn to withdraw his plea. Accordingly, we find that the district court's denial of his motion did not constitute an abuse of discretion.

Next, we review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). The Court "first ensure[s] that the district court committed no significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. *Id.* at 51. If a sentence is procedurally reasonable, we then consider whether it is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by

3

showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Upon review of the record and consideration of Taborn's claims related to his sentence, we find that the sentence is procedurally and substantively reasonable. Likewise, we have reviewed Taborn's remaining pro se claims and find them to be without merit.[*] We note that "[i]t is the general rule that when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." *United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016) (brackets and internal quotation marks omitted).

In accordance with *Anders*, we have reviewed the record in this case and found no meritorious grounds for appeal. We accordingly affirm the district court's judgment. This court requires that counsel inform Taborn, in writing, of his right to petition the Supreme Court of the United States for further review. If Taborn requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Taborn. We dispense with oral argument because the facts and

---

[*] Taborn correctly notes that at one point the district court erroneously stated that Taborn was being sentenced on Count One. Because it is clear that the district judge merely misspoke, and the record otherwise makes it clear that Taborn pled guilty to Count Two and that Counts One and Three were dismissed as part of the plea agreement, we find that any error on the part of the district court is harmless.

4

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*