**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4795**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ROBERT FITZGERALD,

            Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  George L. Russell, III, District Judge. (1:13-cr-00605-GLR-1)

Argued:  March 22, 2016                    Decided:  April 27, 2016

Before TRAXLER, Chief Judge, and Wilkinson and Keenan, Circuit Judges.

Vacated and remanded by published opinion.  Chief Judge Traxler wrote the opinion in which Judge Wilkinson and Judge Keenan joined.

**ARGUED**: Michael Alan Wein, Greenbelt, Maryland, for Appellant. Michael Clayton Hanlon, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.  **ON BRIEF**: Andrew R. Szekely, LAW OFFICES OF ANDREW R. SZEKELY, LLC, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, H. Brandis Marsh, Jr., Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

TRAXLER, Chief Judge:

With assurance from the district court that he was not waiving his right to appeal the court's earlier denial of a suppression motion, Robert Fitzgerald pled guilty to one count each of possessing a firearm as a felon, possessing heroin with intent to distribute, and possessing marijuana with intent to distribute. See 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a). He now appeals his convictions, arguing that the district court erred in denying the suppression motion. He alternatively contends that if he did not preserve his right to appeal the denial of the motion, we should vacate his guilty plea. Because we agree with Fitzgerald's alternative position, we vacate his convictions and remand for further proceedings.

I.

A Maryland grand jury returned an indictment against Fitzgerald for one count each of possessing a firearm as a felon, possessing heroin with intent to distribute, and possessing marijuana with intent to distribute. During pretrial proceedings, Fitzgerald moved to suppress certain evidence and moved for a Franks hearing regarding what he alleged to be knowing and material false statements in an application for a warrant to search Fitzgerald's residence. See Franks v. Delaware, 438 U.S. 154 (1978). After taking testimony and hearing argument, the district court denied his motions.

2

Fitzgerald later rejected a plea offer made by the government but nonetheless indicated his willingness to enter an "open plea" to the charges in the indictment. The parties therefore moved forward without a written agreement, and no writing addressed issues that would be preserved for appeal.

On April 15, 2014, Fitzgerald appeared before the district court to plead guilty, and the district court began its Rule 11 plea colloquy. Of particular significance to this appeal was a discussion between the court, defense counsel, and Fitzgerald concerning what appellate rights Fitzgerald would retain after pleading guilty. Defense counsel stated that he was sure that Fitzgerald did not wish to waive his right to appeal his sentence, and the court confirmed that he was not waiving that right. The following exchange then took place:

> [DEFENSE COUNSEL]: And it certainly is one of the reasons the Court might guess that he wants to appeal is to take up the issue of the suppression hearing, and I think he's hearing you say maybe he's waiving that by entering a plea of guilty, and that's not the case.
>
> Do you understand?
>
> THE COURT: Right. So, in other words, if I end up accepting your plea of guilty in this case, and I'm asking you all these questions, it could be that your ability to argue that your plea was not entered into both a knowing and voluntary manner would be to a certain extent compromised, because you're acknowledging that you're entering into it in a knowing and voluntary manner right now.

3

Do you understand what I am saying?

S.S.A. 33. When Fitzgerald stated he did not understand, defense counsel took a moment to confer with his client, after which Fitzgerald initially stated that he had no further questions regarding how his decision to plead guilty would affect his ability to appeal. When Fitzgerald then stated that he actually had one further question, the court again allowed him to confer with his attorney, after which counsel stated that he did not believe any further advice on the topic would be needed.

Nevertheless, the district court briefly continued on that subject:

> THE COURT: Okay. Now, of course, you retain your ability to be able to appeal any sentence that I would impose, because you haven't waived that.
>
> You retain your right to challenge . . . any sentence that I end up imposing. <u>You certainly retain your ability to appeal any decision the Court has made with regard to a motion to suppress tangible or derivative evidence to the extent that the Court ruled against you.</u>
>
> [DEFENSE COUNSEL]: I just do want to put on the record, it is sort of an appellate issue, that we have pending in the state courts a petition for writ of coram nobis, which would attack one of the predicate convictions, and he would no longer be a career offender.
>
> I just want to put on the record that nothing we say in this plea agreement is going to disallow us from pursuing that if we succeed and bring it back under Section 2255.

4

S.S.A. 34-35 (emphasis added). The district judge asked the prosecutor if the government agreed that Fitzgerald would not be so barred if his attack on his predicate conviction was successful. The prosecutor, who had previously been silent throughout the entire discussion of appellate rights, answered affirmatively.

As the plea colloquy continued, the district court eventually asked the prosecutor to review the essential elements of each of the charged offenses and the facts supporting those elements. At the end of the colloquy, the court asked both counsel if they believed Fitzgerald had been properly advised. Defense counsel stated that he did. However, the prosecutor stated that he believed there needed to be a record made of the fact that Fitzgerald reviewed and rejected a plea offer from the government. The court proceeded to question Fitzgerald about the plea offer, and Fitzgerald stated that he reviewed it with his attorney, understood it, discussed it with his attorney, and rejected it. The court then asked the prosecutor, "Anything else?" S.S.A. The prosecutor responded, "No, Your Honor, that's perfect." S.S.A. 49.

The district court then accepted Fitzgerald's plea. The court eventually sentenced Fitzgerald to an aggregate term of 130 months' imprisonment.

5

Fitzgerald now appeals his convictions, challenging the denial of his suppression motion and his motion for a Franks hearing. In their initial briefs to us, both parties assumed that Fitzgerald's plea was a valid conditional plea that reserved his right to appeal these issues. See Fed. R. Crim. P. 11(a)(2). Nevertheless, we ordered the parties to file supplemental briefs on this question.

## II.

### A.

The parties both argue that Fitzgerald entered a valid conditional guilty plea and urge us to address the merits of his appeal. We conclude, however, that no valid conditional guilty plea was entered.

It is the general rule that "[w]hen a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." United States v. Smith, 640 F.3d 580, 591 (4th Cir. 2011) (internal quotation marks omitted). However, Federal Rule of Criminal Procedure 11(a)(2) provides an exception:

> With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A

defendant who prevails on appeal may then withdraw the plea.

We have explained that the writing requirement "'ensure[s] careful attention to any conditional plea' and [makes] plain to the parties and the court 'that a particular plea was in fact conditional' as well as 'precisely what pretrial issues have been preserved for appellate review.'" United States v. Bundy, 392 F.3d 641, 645 (4th Cir. 2004) (quoting Fed. R. Crim. P. 11 advisory note). The government-consent requirement "'ensure[s] that a conditional plea will be allowed only when the decision of the court of appeals will dispose of the case either by allowing the plea to stand or by such action as compelling dismissal of the indictment or suppressing essential evidence.'" Id. (quoting Fed. R. Crim. P. 11 advisory note (alteration in original)). And the court-approval requirement similarly "ensure[s] that 'the defendant is not allowed to take an appeal on a matter which can only be fully developed by proceeding to trial.'" Id. (quoting Fed. R. Crim. P. 11 advisory note).[1]

---

[1] In addition to the rule's explicit requirements, we have held that a conditional plea must "be limited to case-dispositive issues." United States v. Bundy, 392 F.3d 641, 645 (4th Cir. 2004). This additional requirement serves the expressed purposes of conditional pleas "to limit the use of conditional pleas based on two separate, but related, concerns: first, that the conditional plea promote judicial economy, and second, that the conditional plea not be employed in a manner that renders appellate review difficult or impossible." Id. at 646.

7

Although Rule 11(a)(2) purports to require that the reservation of rights to appeal the issues in question be in writing, we have deemed the writing requirement satisfied when the reservation is "so clearly shown on the record that there is no doubt that a conditional plea was agreed to." United States v. Abramski, 706 F.3d 307, 314 (4th Cir. 2013) (internal quotation marks omitted); see also United States v. Yasak, 884 F.2d 996, 1000 (7th Cir. 1989) ("The transcript of the plea hearing provides a writing of sorts."). This approach is consistent with the notion that "an appellate court can pardon the informalities of a conditional plea so long as the record demonstrates that the spirit of Rule 11(a)(2) has been fulfilled." United States v. Bell, 966 F.2d 914, 916 (5th Cir. 1992). Yet it also "comports with the general rule that conditions to a plea are not to be implied." Bundy, 392 F.3d at 645 (internal quotation marks omitted).[2] In contrast to the somewhat flexible approach we have taken regarding the writing requirement, we have noted that "[t]here is no doubt that the

---

[2] Notwithstanding our creation of this exception to the writing requirement, we emphasize that clearly the better practice is to set out the reservation of rights in writing. See United States v. Yasak, 884 F.2d 996, 1000 (7th Cir. 1989) ("District courts should follow Rule 11's literal language and insist on written pleas under Rule 11(a)(2). The parties likewise should insist on them. This is especially so for defendants, for they have the most to lose if a plea is held invalid.").

second and third requirements under the Rule – Government consent and court approval – are mandatory and cannot be avoided." Id.; see also id. ("The Government must affirmatively agree to the plea, and the district court must exercise its own judgment in approving it.").

In this case, even assuming that the rule's other requirements were satisfied, the government-consent requirement was not.

Fitzgerald maintains that the requirement was satisfied when the prosecutor remained silent during the colloquy in which the district court stated that Fitzgerald would retain the right to appeal the denial of his suppression motion. Fitzgerald also attempts to draw support from the fact that the government takes the position on appeal that the government-consent requirement was satisfied. For its part, the government concedes that a valid conditional plea was entered only if the record demonstrates its affirmative assent to the conditional nature of the plea. But the government argues that the record in fact demonstrates its affirmative assent. We disagree with both parties.

Initially, we note that while Rule 11(a)(2) does not explicitly define what amounts to the "consent of . . . the government," the rule's advisory notes are informative. At the time the rule addressing conditional guilty pleas was

9

promulgated, conditional guilty pleas were already permitted in a number of circuits, including the Second Circuit. See United States v. Carrasco, 786 F.2d 1452, 1454 n.3 (9th Cir. 1986). In United States v. Burke, 517 F.2d 377 (2d Cir. 1975), the Second Circuit had held that "silence on [the government's] part is sufficient assent" to a conditional plea agreement. Id. at 379. Rule 11's Advisory Committee notes explain, however, that Rule 11(a)(2)'s specific requirement that the reservation of the right to appeal certain issues must be in writing would allow courts "to avoid entry of a conditional plea without the considered acquiescence of the government (see United States v. Burke, supra, holding that failure of the government to object to entry of a conditional plea constituted consent)"). Fed. R. Crim. P. 11 advisory note.

This comment indicates that Rule 11(a)(2) was intended to be "a departure from Burke and an insistence on unequivocal government acquiescence." Carrasco, 786 F.2d at 1454 n.3; see Yasak, 884 F.2d at 999. Accordingly, for the government-consent requirement to be satisfied, "[t]he Government must affirmatively agree to the [conditional] plea," Bundy, 392 F.3d at 645, meaning that there must be "direct assent requiring no inference or implication," United States v. Pierre, 120 F.3d 1153, 1156 (11th Cir. 1997). See Bundy, 392 F.3d at 645 ("[C]onditions to a plea are not to be implied." (internal

10

quotation marks omitted)). "[S]ilence or inaction by the government is not consent." Pierre, 120 F.3d at 1156. But see Bell, 966 F.2d at 916 (suggesting that government's silence could be sufficient under certain circumstances).

The record here falls well short of demonstrating unequivocal government acquiescence to a conditional plea. Nowhere in the plea colloquy transcript does the court or either party make reference to a conditional guilty plea or Rule 11(a)(2).[3] The only statement from defense counsel that even arguably relates to the issue is murky at best. Defense counsel stated, "[I]t certainly is one of the reasons the Court might guess that [Fitzgerald] wants to appeal is to take up the issue of the suppression hearing, and I think [Fitzgerald is] hearing you say maybe he's waiving that by entering a plea of guilty, and that's not the case." S.S.A. 33 (emphasis added). Especially given that the record contains no previous suggestion that Fitzgerald would somehow reserve the right to appeal that ruling, it is somewhat unclear whether "that's not the case" referred to a belief by Fitzgerald that he retained the right to appeal or to the district court's possible suggestion that Fitzgerald was waiving the right to appeal that issue. No

---

[3] Nor does the record even reflect any statements by either side prior to the prior colloquy suggesting that Fitzgerald's guilty plea would be conditional.

11

clarification immediately followed that would have alerted the prosecutor that defense counsel was taking the position that Fitzgerald was retaining the right to appeal that ruling.

The only clear statement concerning Fitzgerald's right to appeal the suppression issue came two pages later in the transcript, after defense counsel had already stated that he did not believe any further discussion of appellate rights was needed. The court stated that Fitzgerald retained the right to "[c]hallenge any sentence that I end up imposing" and "certainly retain[ed the] ability to appeal any decision the Court has made with regard to a motion to suppress tangible or derivative evidence to the extent that the Court ruled against [him]." S.S.A. 35. Immediately following that statement, defense counsel raised a separate issue regarding appellate rights, and the subject of the right to appeal the denial of the motion to suppress was never revisited.

As we have noted, the government concedes that for there to be a valid conditional plea, the record must reflect its affirmative assent to the conditional plea. The government contends that this affirmative assent came in the form of the prosecutor's response to a question asked by the district court at the end of the plea colloquy. The court had asked the prosecutor if he believed Fitzgerald had been properly advised during the plea colloquy, to which the prosecutor responded that

12

he believed there needed to be a record made of the fact that Fitzgerald reviewed and rejected a plea offer from the government. The judge then asked Fitzgerald several questions about the plea offer and Fitzgerald answered them. At that point, the court asked the prosecutor, "Anything else?" and the prosecutor answered, "No, Your Honor, that's perfect." S.S.A. 49.

The government maintains that the "that's perfect" comment represented an acceptance by the prosecutor of the entire Rule 11 colloquy. Since the colloquy included a statement by the court that Fitzgerald had reserved his right to appeal the denial of his suppression motion, the government contends the "that's perfect" comment constituted an assent to Fitzgerald's reservation of rights. We disagree.[4] First of all, it is far from clear that the "that's perfect" comment did not simply refer to the record the court had just finished making concerning Fitzgerald's knowledge and consideration of the government's plea offer. And even if the prosecutor intended

_____

[4] We note that the fact that the government is taking the position on appeal that the "that's perfect" comment satisfied the government-consent requirement is not a substitute for its actual assent during the district court proceedings. Rule 11(a)(2) makes clear that the government's consent is a precondition for a valid conditional guilty plea. See Fed. R. Crim. P. 11(a)(2) ("With the consent of the court and the government, a defendant may enter a conditional plea of guilty . . . ."). In the absence of assent by the government in the district court, no conditional guilty plea was validly entered.

13

his "that's perfect" comment to refer to the entire plea colloquy, we have already explained that nothing in the record affirmatively indicates the specificity contemplated by Rule 11(a)(2). Accordingly, it would require inference upon inference for us even to conclude that the "that's perfect" comment demonstrated the prosecutor's agreement with the judge's earlier statement concerning Fitzgerald's right to appeal the suppression ruling. Suffice it to say that the "that's perfect" statement is far from the "unequivocal government acquiescence" to a conditional guilty plea that Rule 11(a)(2) requires. We therefore conclude that the mandatory government-consent requirement was never satisfied, and the plea on which the judgment appealed from is based is not a valid conditional plea. See Bundy, 392 F.3d at 645.

### B.

Insofar as Fitzgerald did not enter a valid conditional guilty plea, the question of whether the district court erred in denying his suppression motion is not properly before us. See id. ("Absent a valid conditional guilty plea, we will dismiss a defendant's appeal from an adverse pretrial ruling on a non-jurisdictional issue."). Nevertheless, we still must consider whether "an unconditional plea has been entered or" whether "no valid plea has been entered." Id. at 649 (alteration and internal quotation marks omitted). We may treat Fitzgerald's

14

plea as unconditional only if he "entered such a plea, including a waiver of appeal rights, 'knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences.'" Id. (quoting United States v. Ruiz, 536 U.S. 622, 629 (2002)).

The parties agree that if Fitzgerald's plea was not a valid conditional guilty plea, we cannot treat it as a knowing and voluntary unconditional plea in light of the facts that the district court apparently understood Fitzgerald's plea to be conditioned on his right to appeal the denial of his suppression motion, and that Fitzgerald entered his plea in reliance on the assurance that he had preserved that issue. We agree with the parties on this point. See Pierre, 120 F.3d at 1156. Accordingly, since we have neither a valid conditional plea nor a valid unconditional plea, we must vacate the judgment. See Bundy, 392 F.3d at 649. On remand, Fitzgerald can decide whether to plead guilty again or whether to proceed to trial. See id. at 650.

III.

For the foregoing reasons, we vacate the judgment of conviction and remand for further proceedings consistent with this opinion.[5]

<u>VACATED AND REMANDED</u>

---

[5] We express no opinion regarding the merits of Fitzgerald's substantive arguments.