**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4465**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JAY MAURICE THARPS,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Paul W. Grimm, District Judge.  (8:14-cr-00161-PWG-1)

Submitted:  May 27, 2016                    Decided:  July 1, 2016

Before AGEE and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Jennifer R. Sykes, Thomas M. Sullivan, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jay Maurice Tharps appeals from his convictions, following his guilty pleas, to possession of a firearm and ammunition by a felon, possession with intent to distribute cocaine and marijuana, and possession of a firearm in furtherance of a drug trafficking crime. On appeal, he argues that the district court erroneously denied his motions to suppress and for disclosure of an informant's statement. We vacate the district court's judgment and remand for further proceedings.

Generally, "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no nonjurisdictional ground upon which to attack that judgment except the inadequacy of the plea." United States v. Smith, 640 F.3d 580, 591 (4th Cir. 2011) (alteration and internal quotation marks omitted). However, a defendant may reserve his right to appeal pretrial rulings by entering a conditional guilty plea. Such a conditional guilty plea must be "[w]ith the consent of the court and the government," and a defendant must "reserv[e] in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2). Although "the writing requirement [may be] satisfied when the reservation is so clearly shown on the record that there is no doubt that a conditional plea was agreed to[,] . . .

the second and third requirements under the Rule — Government consent and court approval — are mandatory and cannot be avoided." United States v. Fitzgerald, ___ F.3d ___, ___, No. 14-4795, 2016 WL 1660147, at *3 (4th Cir. Apr. 27, 2016) (internal quotation marks omitted).

In Fitzgerald, we held that the defendant had not entered a valid conditional guilty plea where the record failed to demonstrate that the Government affirmatively agreed to the conditional plea. Id. at *4-5. There, as here, the Government stood silent while the district court informed the defendant that he had reserved his right to appeal the court's rulings on the preplea motions. Id. at *1-2. Additionally, the Government's preplea letter provides that there were no agreements or promises between the parties, and the Government never affirmatively indicated at the plea colloquy that it agreed that Tharps could appeal the district court's preplea rulings. We therefore conclude "that the mandatory government-consent requirement was never satisfied," id. at *5, and, thus, that Tharps did not enter a valid conditional plea.

Because Tharps did not enter a valid conditional plea, "we still must consider whether an unconditional plea has been entered or whether no valid plea has been entered." Id. at *6 (internal quotation marks omitted). "We may treat [an invalid conditional] plea as unconditional only if [the defendant]

3

entered such a plea, including a waiver of appeal rights, knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences." Id. (internal quotation marks omitted).

We conclude Tharps did not enter a knowing and voluntary unconditional plea. Tharps' counsel initially indicated that Tharps wished to plead guilty without an agreement because Tharps sought to preserve his right to appeal. During the plea hearing, counsel emphasized that an appellate waiver was conspicuously absent from the district court's colloquy. As in Fitzgerald, "the district court apparently understood [Tharps'] plea to be conditioned on his right to appeal the denial of his suppression [and disclosure] motion[s], and that [Tharps] entered his plea in reliance on the assurance that he had preserved that issue." Id.

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

* We express no opinion on the merits of Tharps' substantive arguments.

4