**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4291**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GUSTAVO YERA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Senior District Judge. (5:15-cr-00069-RLV-DCK-4)

Submitted: November 17, 2017                    Decided: December 4, 2017

Before TRAXLER and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stacey A. Phipps, Raleigh, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Gustavo Yera pled guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 846 (2012), and conspiracy to commit money laundering, 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h) (2012). He was sentenced to 168 months on each count, to run concurrently. Yera appeals. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Yera has filed a pro se brief raising several issues. We affirm.

We first conclude that Yera's guilty plea was knowing and voluntary. Yera stated at the Fed. R. Crim. P. 11 hearing that he was not under the influence of drugs or alcohol and was fully aware of the nature of the proceedings. He expressed complete satisfaction with his attorney's services. A factual basis for the plea was presented to the court, Yera stated that the factual basis was accurate, and he admitted his guilt. Finally, the district court substantially complied with the requirements of Rule 11.

With respect to sentencing, the court properly calculated Yera's Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors and the arguments of the parties, and provided a sufficiently individualized assessment based on the facts of the case. We hold that the within-Guidelines sentence is procedurally and substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009).

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal.[*] Accordingly, we affirm Yera's conviction and sentence. This court requires that counsel inform Yera, in writing, of the right to petition the Supreme Court of the United States for further review. If Yera requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Yera. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Yera raises several claims in his pro se brief. Because ineffective assistance of counsel does not conclusively appear on the record, we decline to address that claim. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Yera's valid guilty plea waives antecedent nonjurisdictional defects; accordingly, the claim that a traffic stop and subsequent arrest violated the Fourth Amendment is waived. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016). We find no merit to the remaining claims raised in the informal brief.