**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4829**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYREE CRAIG JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:15-cr-00226-FDW-DSC-2)

Submitted: December 29, 2017                    Decided: January 23, 2018

Before GREGORY, Chief Judge, and TRAXLER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel B. Winthrop, WINTHROP & WINTHROP, Statesville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyree Craig Jones pled guilty to conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 1347, 1349 (2012). The district court sentenced Jones to 85 months' imprisonment. Jones now appeals. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Jones' sentence is procedurally and substantively reasonable. Jones has filed a pro se supplemental brief, asserting that he pled guilty under duress, that the Government failed to file a criminal complaint in this case, that the indictment is defective because the district court docket does not state that 12 or more grand jurors concurred in the indictment, that he was prevented from reviewing discovery material and preparing for trial, and that the district court judge should have recused himself. We affirm.

Jones first argues that he pled guilty under duress, caused by the Government's failure to follow the Federal Rules of Criminal Procedure and the district court's denial of his motion to recuse. Because Jones did not seek to withdraw his guilty plea, we review the acceptance of his plea only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). The district court's substantial compliance with Fed. R. Crim. P. 11 during the plea colloquy[*] "raise[s] a strong presumption that [Jones'] plea is final and binding." *United States v. Nicholson*, 676 F.3d 376, 384 (4th Cir. 2012) (internal

---

[*] Although the district court made several minor omissions, *see* Fed. R. Crim. P. (b)(1)(E) (right to present evidence), (M), (O), we conclude that those omissions did not affect Jones' substantial rights. *See Sanya*, 774 F.3d at 816.

quotation marks omitted). Significantly, Jones stated under oath that no one had threatened or forced him to plead guilty, and his statement "carr[ies] a strong presumption of verity," which Jones fails to rebut. *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted). Furthermore, we reject the frivolous claims of judicial misconduct on which Jones' duress claim relies. Accordingly, we conclude that the district court did not plainly err in accepting Jones' guilty plea.

Counsel questions the procedural and substantive reasonableness of Jones' sentence. We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and explained sufficiently the selected sentence. *Id.* at 49-51.

Counsel challenges the procedural reasonableness of Jones' sentence on two grounds. First, counsel suggests that the district court erred in denying an acceptance-of-responsibility adjustment under U.S. Sentencing Guidelines Manual § 3E1.1(a) (2015). Jones waited until the fourth day of his jury trial to plead guilty, after the Government had presented substantial evidence of his guilt. *See United States v.*

3

*Diaz-Gaudarama*, 614 F.3d 387, 390 (7th Cir. 2010) (observing "that the last-minute nature of a guilty plea provides a significant basis to deny an acceptance-of-responsibility reduction"); *United States v. May*, 359 F.3d 683, 695 (4th Cir. 2004) (considering timing of guilty plea under USSG § 3E1.1(a)). Furthermore, the district court appropriately took Jones' obstructionist pretrial conduct into account, reasonably observing that his conduct did not reflect remorse or a complete acceptance of responsibility. *See United States v. McIntosh*, 198 F.3d 995, 1002 (7th Cir. 2000). Thus, we conclude that the district court did not clearly err in denying the adjustment. *See United States v. Burns*, 781 F.3d 688, 692 (4th Cir. 2015) (stating standard of review).

Next, counsel argues that the district court failed to address two mitigating factors at the sentencing hearing. *See United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (stating that district court should address party's nonfrivolous sentencing arguments). First, counsel asserts that the district court failed to consider Jones' argument that the loss amount attributed to Jones overstated his culpability because he did not actually foresee that amount. However, the district court explicitly addressed and rejected this contention. Second, counsel avers that the district court did not consider Jones' early attempt to cooperate with the Government's investigation in this case while he awaited his prison report date after being convicted for a separate fraud conspiracy. But, the district court heard extensive argument on the issue and implicitly rejected Jones' argument by finding that Jones did not timely accept responsibility for his actions. Moreover, we conclude that the facts underlying Jones' argument did not favor Jones and, consequently, that the district court was not required to explain why it rejected his argument.

4

Counsel also challenges the substantive reasonableness of Jones' sentence. In considering the substantive reasonableness of the sentence, we "take into account the totality of the circumstances." *Gall,* 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We conclude that Jones fails to rebut the presumption of reasonableness afforded to his within-Guidelines-range sentence. The district court explicitly considered several of the 18 U.S.C. § 3553(a) factors, including Jones' history and characteristics, the nature and seriousness of Jones' offense, and the need to generally and specifically deter similar conduct. The district court emphasized the sophisticated nature of the scheme and Jones' commission of the instant offense while waiting to report to prison to serve his federal sentence for conspiracy to commit mortgage fraud. To the extent counsel argues that the district court failed to assign appropriate weight to Jones' guilty plea, we decline counsel's invitation to reweigh this factor. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

Turning to Jones' remaining arguments on appeal, we conclude that all but one of his arguments are clearly waived by his guilty plea. *See United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016) (recognizing that "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the

5

plea" (alteration and internal quotation marks omitted)).  Assuming that Jones could not waive the recusal issue, *see United States v. Patti*, 337 F.3d 1317, 1320-21 (11th Cir. 2003) (summarizing circuit split on issue), we discern no abuse of discretion in the district court's denial of Jones' recusal motion.  *See United States v. Stone*, 866 F.3d 219, 229 (4th Cir. 2017) (stating standard of review).  Jones' disagreement with the district court's pretrial rulings and baseless allegations of fraud on the court did not warrant the district court's recusal.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review.  If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jones.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6