**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4256**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JAMES BOSTIC,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:17-cr-00093-H-1)

Submitted:  November 30, 2018                Decided:  December 26, 2018

Before KING, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Seth M. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to his plea of guilty, a magistrate judge convicted James Bostic of knowingly possessing a prohibited item in federal prison, in violation of 18 U.S.C. § 1791(a)(2), (b)(2) (2012). The magistrate judge sentenced Bostic to 3 months of incarceration, to be served consecutively to his previously-imposed 168-month sentence, and 1 year of supervised release, to be run concurrently with his previously-imposed term of supervised release. Bostic appealed to the district court, and the district court affirmed the criminal judgment. Bostic now appeals the district court's order. We affirm.

On appeal, Bostic claims that the Bureau of Prisons failed to follow its own regulations by not suspending its investigation of Bostic when it became clear that the matter would be referred for criminal prosecution. Bostic contends that, by continuing its investigation, the Bureau of Prisons obtained admissions from him that were later used to support his criminal prosecution. Bostic further argues that the Government's use of admissions obtained in the administrative proceedings violated his Fifth Amendment right against self-incrimination.

"It is the general rule that when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." *United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016) (alterations and internal quotation marks omitted); *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

2

"A valid guilty plea . . . renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered." *Class v. United States*, 138 S. Ct. 798, 805 (2018). A defendant's guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Tollett*, 411 U.S. at 267. "Thus, the defendant who has pled guilty has no non-jurisdictional ground upon which to attack [a] judgment except the inadequacy of the plea or the [G]overnment's power to bring any indictment at all." *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010) (citation and internal quotation marks omitted).

Bostic pled guilty to the single count in the indictment without reserving his right to appeal under Fed. R. Crim. P. 11(a)(2). Thus, Bostic is foreclosed from appealing nonjurisdictional defects, including allegations that evidence was obtained illegally. Bostic's attempt to characterize his claim as a challenge to the process by which the Government sought the indictment is unpersuasive.

Even if Bostic's claims were not foreclosed by his unconditional guilty plea, we would find them to be meritless. Utilizing the same standard of review employed by the district court, our review is for plain error. *See United States v. Bursey*, 416 F.3d 301, 305-06 (4th Cir. 2005). To establish plain error, "there must be an error . . . , the error must be plain—that is to say, clear or obvious . . . , the error must have affected the defendant's substantial rights, which in the ordinary case means he . . . must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different, [and] . . . the error [must] seriously affect[] the fairness, integrity or public

3

reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (citations and internal quotation marks omitted). Here, given the uncontested evidence of a prison official's eyewitness account, we conclude that Bostic fails to establish that any purported error affected his substantial rights or seriously affected the fairness, integrity or public reputation of judicial proceedings.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*