**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4652**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFREY DEMETRIUS HAYNES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00023-WO-2)

Submitted: April 14, 2020                                          Decided: April 16, 2020

Before WILKINSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Demetrius Haynes pled guilty, pursuant to a written plea agreement, to distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2018). The district court imposed a 180-month sentence, and Haynes now appeals. Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Haynes filed a pro se brief asserting that the district court improperly increased Haynes' offense level based on the drug weight, the indictment was defective due to the Government's misuse of an informant, and his trial counsel was ineffective. Finding no error, we affirm.

We have reviewed the record and conclude that the district court properly conducted the Fed. R. Crim. P. 11 plea colloquy and Haynes' guilty plea is valid. By pleading guilty, Haynes waived the right to contest any nonjurisdictional defect in the proceedings conducted prior to the entry of the plea, including any nonjurisdictional defects in the indictment. *See United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016); *see also Class v. United States*, 138 S. Ct. 798, 805 (2018) (noting that valid guilty plea "renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered").

Moreover, we have reviewed the presentence report and the transcript of the sentencing hearing and conclude that the district court properly calculated Haynes' Sentencing Guidelines range as 188 to 235 months' imprisonment. Contrary to Haynes' assertion, the district court explicitly stated that, pursuant to the parties' agreement, it based Haynes' offense level solely on his uncontested status as a career offender, not on the drug

2

weight.  The district court also addressed Haynes' arguments for a lower sentence and properly explained why a sentence of 180 months was sufficient but not greater than necessary to achieve the sentencing objectives articulated in 18 U.S.C. § 3553(a) (2018). *See United States v. Provance*, 944 F.3d 213, 218-19 (4th Cir. 2019).  Moreover, nothing in the record rebuts the presumption of substantive reasonableness attached to Haynes' below-Guidelines sentence.  *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Finally, we decline to address Haynes' claim of ineffective assistance of counsel on direct appeal because no such ineffectiveness appears on the face of the record.  *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) ("Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal.").  In accordance with *Anders*, we have reviewed the entire record in this appeal and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Haynes, in writing, of the right to petition the Supreme Court of the United States for further review. If Haynes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Haynes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3