**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4815**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE SANTOS REDONDO ROMERO,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:18-cr-00152-MOC-DSC-1)

Submitted: July 23, 2020                                    Decided: July 27, 2020

Before WILKINSON, MOTZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Jared P. Martin, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. R. Andrew Murray, Charlotte, North Carolina, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Santos Redondo Romero pled guilty to illegal reentry into the United States after having been convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2018), and was sentenced to a within-Guidelines term of 24 months' imprisonment. He appeals, raising two claims: (1) the 13-month delay between his indictment and subsequent guilty plea violated Romero's right to a speedy trial, and (2) the district court abused its discretion by refusing to impose his sentence to run concurrently with, rather than consecutively to, a state sentence for a drug trafficking offense. Finding no error, we affirm.

"It is the general rule that when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." *United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016) (alterations and internal quotation marks omitted); *see also United States v. Lozano*, __F.3d__, 2020 WL 3260715 (4th Cir. June 17, 2020) (No. 19-4082).

Second, Romero argues that the district court abused its discretion by declining to impose his sentence concurrently with his state court sentence. District courts "have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." *Setser v. United States*, 566 U.S. 231, 236 (2012). Indeed, 18 U.S.C. § 3584 (2018) grants courts discretion to run a sentence consecutively or concurrently to an undischarged term of imprisonment, after

2

considering the factors set forth in 18 U.S.C. § 3553(a) (2018). *See* 18 U.S.C. § 3584(a), (b). The Guidelines also offer direction to courts when deciding whether to run a sentence consecutively or concurrently to an undischarged term of imprisonment. *See* <u>U.S. Sentencing Guidelines Manual</u> § 5G1.3 (2018). We have reviewed the record and find that the district court properly considered the appropriate factors and exercised its discretion in declining to impose Romero's sentence concurrently with his state sentence.

Therefore, we affirm Romero's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*