**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4481

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SALATHEO FLUID,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:17-cr-00267-MOC-DCK-1)

Submitted:  February 28, 2022                      Decided:  March 8, 2022

Before WILKINSON and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Jeffrey W. Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Salatheo Fluid pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and was sentenced to 188 months of imprisonment. Fluid's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising for the court's consideration the following issues: (1) whether Fluid's guilty plea was knowing and voluntary; (2) whether trial counsel was ineffective for failing to move to exclude evidence and failing to inform Fluid of the collateral consequences of pleading guilty; and (3) whether Fluid's sentence is procedurally and substantively unreasonable. Fluid filed pro se supplemental briefs, expanding on the issues raised by counsel and raising the additional issue of whether his Fourth Amendment rights were violated during the search leading to his arrest. The Government did not file a brief. We affirm.

Our review of the plea hearing shows that the proceeding was conducted substantially in compliance with Fed. R. Crim. P. 11 and that the minor omissions did not affect Fluid's substantial rights. *See United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002) (noting that when defendant does not seek to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error, review is for plain error). Moreover, Fluid knowingly and voluntarily pled guilty to his offense, and his plea was supported by a sufficient factual basis. *See United States v. Seigler*, 990 F.3d 331, 337 (4th Cir.) (stating elements of § 846 offense), *cert. denied*, 142 S. Ct. 336 (2021). We therefore find no reversible error.

As for Fluid's challenge to the legality of the search that led to his arrest, because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," a defendant who "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged . . . may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). By virtue of his knowing and voluntary unconditional guilty plea, Fluid has waived his challenge to the constitutionality of the search. *United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016).

Regarding Fluid's claims of ineffective assistance of counsel, because counsel's ineffectiveness does not "conclusively appear[] on the face of the record," we decline to address those claims on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Such a claim should be raised, if at all, in a 28 U.S.C. § 2255 motion to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Review of Fluid's sentencing hearing also reveals no reversible error. In reviewing the reasonableness of a sentence, we consider whether the district court committed a significant procedural error, such as failing to properly calculate the defendant's advisory Guidelines range, failing to allow the parties to argue for an appropriate sentence, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, selecting a sentence based on clearly erroneous facts, or failing to sufficiently explain the selected sentence. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). Absent any procedural error, we examine the

3

substantive reasonableness of the sentence under "the totality of the circumstances." *Id.* at 51.

Fluid first challenges the district court's application of the two-level enhancement for possession of a dangerous weapon, arguing that there was no evidence connecting him to the firearm. The Guidelines authorize a two-level offense level increase "if a dangerous weapon (including a firearm) was possessed." U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2016). Because officers found the weapon in the bedroom where Fluid was sleeping, and they also found in that room drugs and $8,000 in cash, it is not "clearly improbable that the firearm was connected" with the drug conspiracy. USSG § 2D1.1 cmt. n.11(A) (stating that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense"); *see United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017) (discussing application of enhancement). We therefore conclude that the district court did not clearly err in applying § 2D1.1(b)(1). *See United States v. Dennison*, 922 F.3d 232, 235 (4th Cir. 2019) (stating standard of review).

Fluid also challenges the district court's determination of the drug quantity attributed to him at sentencing, arguing that the sock containing drugs found in the yard of the residence should not be attributed to him because it was not in his possession when it was found. Based on the Government's evidence that Fluid told another cooperating defendant that he threw the sock out of the window when he heard the officers enter the house, and that the matching sock was found in Fluid's room during the search, the preponderance of the evidence supports the court's decision to attribute the drugs to Fluid.

*See United States v. Davis*, 918 F.3d 397, 405 (4th Cir. 2019) (stating that, at sentencing, the Government must prove drug quantity by a preponderance of the evidence). Thus, the district court did not clearly err in its drug quantity findings.

Finally, Fluid's 188-month sentence is substantively reasonable. Nothing in the record rebuts the presumption of reasonableness afforded Fluid's within-Guidelines-range sentence. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform Fluid, in writing, of the right to petition the Supreme Court of the United States for further review. If Fluid requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fluid.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*