**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4202

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA EARL DEVON DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:21-cr-00244-D-1)

Submitted:  November 21, 2023                    Decided:  November 28, 2023

Before WILKINSON and NIEMEYER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Damon J. Chetson, CHETSON FIRM, PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Earl Devon Davis pled guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).* The district court sentenced Davis to 71 months' imprisonment. On appeal, Davis challenges the district court's denial of his pretrial motion to suppress evidence that law enforcement officers obtained during a traffic stop. Davis also argues that the district court erred in calculating his advisory Sentencing Guidelines range by applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2021) for using or possessing a firearm in connection with another felony offense. We dismiss in part and affirm in part.

With respect to Davis' appeal of the denial of his motion to suppress, "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea and has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea under [Fed. R. Crim. P.] 11." *United States v. Glover*, 8 F.4th 239, 245 (4th Cir. 2021) (cleaned up). Because Davis does not dispute that he entered a valid and unconditional guilty plea, his challenge to the district court's denial of his motion to suppress "is not properly before us." *United States v.*

---

* Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Davis' offense was committed before the June 25, 2022, amendment to the statute.

*Fitzgerald*, 820 F.3d 107, 113 (4th Cir. 2016). Accordingly, we dismiss this portion of the appeal.

Next, rather than evaluating the merits of Davis' challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). In other words, we may assume the alleged Guidelines "error occurred and proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017). "[W]e can find any error harmless if we have (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) a determination that the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. Gondres-Medrano*, 3 F.4th 708, 721 (4th Cir. 2021) (internal quotation marks omitted). The claimed error will be deemed harmless only when we are "certain" that these requirements are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, the first part of the inquiry is satisfied "because the district court has expressly stated in a separate and particular explanation that it would have reached the same result" even if it had erred in calculating the Guidelines. *Gomez-Jimenez*, 750 F.3d at 383. With respect to the second step of the analysis, we review a sentence for substantive reasonableness by "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Nance*, 957

3

F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).  The district court appropriately balanced Davis' offense conduct and significant, violent criminal history with the mitigating factors he presented.  The court further explained that the 71-month sentence was necessary to promote respect for the law, provide just punishment, and afford adequate deterrence.  In light of the district court's thorough discussion of the relevant § 3553(a) factors, we conclude that Davis' sentence is reasonable.  Accordingly, even if we were to conclude that the district court erred by applying the disputed Guidelines enhancement—an issue we do not reach—any error was harmless.

Accordingly, we dismiss the appeal to the extent Davis seeks to challenge the denial of his suppression motion, *see United States v. Bundy*, 392 F.3d 641, 645 (4th Cir. 2004), and we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*