**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4558

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TROY WILSON WHEATLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:22-cr-00225-1)

Submitted: February 28, 2025                    Decided: July 7, 2025

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** John J. Balenovich, JOHN J. BALENOVICH LAW OFFICES, LC, Charleston, West Virginia, for Appellant. Lisa G. Johnston, First Assistant United States Attorney, Lesley Shamblin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Wilson Wheatley appeals his conviction and the 68-month sentence imposed following his guilty plea to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[*] On appeal, Wheatley argues that the district court erred by failing to hold an evidentiary hearing on his motion to suppress and that his sentence is procedurally and substantively unreasonable. We affirm.

As to Wheatley's first argument, "[i]t is the general rule that when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." *United States v. Lozano*, 962 F.3d 773, 778 (4th Cir. 2020) (internal quotation marks omitted). Wheatley did not enter a conditional guilty plea that preserved his ability to challenge his suppression motion, *see United States v. Fitzgerald*, 820 F.3d 107, 113 (4th Cir. 2016), and the district court's failure to hold an evidentiary hearing before denying that motion is not a jurisdictional basis for attacking his plea. We therefore decline to consider this issue in this appeal.

Turning to Wheatley's challenges to his sentence, "[w]e review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard." *United*

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) offenses; the penalty provision in 18 U.S.C. § 924(a)(8) now sets forth a 15-year statutory maximum sentence for § 922(g) offenses. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum did not apply in this case because Wheatley committed his offense before the June 25, 2022, amendment of the statute.

2

*States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, this [c]ourt reviews the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted).

Wheatley first asserts that his sentence is procedurally unreasonable because the district court improperly considered his conduct on December 2, 2021, as relevant conduct for the instant offense, which occurred in August 2021. Relevant conduct always includes "all acts and omissions committed, aided, [or] abetted . . . by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(A) (2018). Additionally, "with respect to offenses of a character for which [USSG] § 3D1.2(d) would require grouping of multiple counts," relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct . . . as the offense of conviction." *Id.* § 1B1.3(a)(2). This provision "applies to offenses for which grouping of counts would be required under § 3D1.2(d) had the defendant been convicted of multiple counts." *Id.* § 1B1.3, cmt. n.5(A).

Offenses may "qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single

3

episode, spree, or ongoing series of offenses." *Id.* § 1B1.3, cmt. n.5(B)(ii). "That is to say, the same-course-of-conduct standard requires only that the defendant be engaged in an identifiable pattern of certain criminal activity." *United States v. McDonald*, 28 F.4th 553, 564 (4th Cir. 2022) (cleaned up). In making this assessment, courts consider "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." USSG § 1B1.3, cmt. n.5(B)(ii). "When one of the above factors is absent, a stronger presence of at least one of the other factors is required." *McDonald*, 28 F.4th at 564 (internal quotation marks omitted).

"[E]ach relevant-conduct case is fact-specific, reaching different results depending on the circumstances supporting each factor." *Id.* at 566. However, we have held "that a defendant's repeated possession of uncharged firearms during a brief period of time supports a relevant conduct enhancement." *Id.* at 565 (cleaned up). Specifically, we previously held that "three instances of felon-in-possession conduct over the course of nine months" was "an identifiable pattern of certain criminal activity," particularly when each instance "involved like-kind weapons." *Id.* at 564-65, 568 (internal quotation marks omitted). Here, in each incident, Wheatley possessed pistols that he knew he was not permitted to possess. As we explained in *McDonald*, the fact that the incidents occurred three months apart from one another does not negate their similarity. Accordingly, the district court did not clearly err in finding the December conduct was relevant conduct for the instant offense.

Wheatley further contends that the court abused its discretion by applying the two-level enhancement for an offense involving between three and seven firearms. To the

4

extent this argument relies on Wheatley's contention that the December incidents could not be considered relevant conduct, it fails for the same reasons discussed above. And to the extent Wheatley argues the district court erred in finding he possessed at least three firearms, our review of the record reveals no clear error in the court's findings.

Wheatley also asserts that the sentence is procedurally unreasonable because the court did not adequately explain its chosen sentence. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented and must state in open court the particular reasons supporting its chosen sentence." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (internal quotation marks omitted). "The district court's sentencing explanation need not be exhaustive or robotically tick through the § 3553(a) factors." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (cleaned up). Nonetheless, the district court's "explanation must be sufficient to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *Id.* (internal quotation marks omitted). Upon review, we conclude that the district court adequately explained the chosen sentence.

Finally, Wheatley argues that his above-Guidelines sentence is substantively unreasonable. If the district court has not committed procedural error, we then assess the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (internal quotation marks omitted).

5

"Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Id.* at 215 (internal quotation marks omitted). "We will generally find a variance sentence reasonable when the reasons justifying the variance are tied to § 3553(a) and are plausible." *Provance*, 944 F.3d at 219 (internal quotation marks omitted). Our review of the record leads us to conclude that the district court adequately justified the upward variance imposed and, thus, that Wheatley's 68-month sentence is substantively reasonable.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
