**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4006

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

GILBERTO RODRIGUEZ,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Max O. Cogburn, Jr., District Judge. (1:15-cr-00041-MOC-DLH-1)

Submitted: September 11, 2018          Decided: September 21, 2018

Before NIEMEYER, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey William Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gilberto Rodriguez appeals the 100-month sentence he received following his guilty plea, pursuant to a written plea agreement, to distribution of at least five grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2012). Counsel for Rodriguez has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), averring that there are no nonfrivolous issues for appeal, but asking us to review several potential issues arising from the underlying proceedings. Rodriguez has filed a pro se supplemental brief in which he raises one sentencing argument. We affirm.

Counsel first argues that the search of Rodriguez's home upon his arrest, which resulted in the seizure of methamphetamine and a loaded firearm, violated the Fourth Amendment, and that the seized evidence should have been suppressed. Because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," a defendant who "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged . . . may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Hence, a defendant who enters an unconditional plea "waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea, and thus has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." *United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016) (internal quotation marks omitted). We thus hold that the proffered Fourth Amendment claim is waived by Rodriguez's valid, unconditional guilty plea.

Rodriguez next challenges the procedural reasonableness of the 100-month sentence. We review the reasonableness of a sentence for abuse of discretion. *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). In conducting this review, we first consider whether the district court committed a significant procedural error, such as failing to properly calculate the defendant's advisory Sentencing Guidelines range, failing to allow the parties to argue for an appropriate sentence, overlooking the 18 U.S.C. § 3553(a) (2012) sentencing factors, selecting a sentence based on clearly erroneous facts, or failing to sufficiently explain the selected sentence. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). Absent any procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014) (internal quotation marks omitted). Sentences within or below a properly calculated Guidelines range are presumed reasonable, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In the *Anders* brief, counsel asserts three challenges to the Guidelines computations, none of which were raised in the district court. Thus, all three of these unpreserved, non-structural sentencing issues are subject to the rigors of plain error review. *See United States v. Lynn*, 592 F.3d 572, 576-77 (4th Cir. 2010) ("[P]lain-error review applies when a party lodges an objection to the sort of procedural sentencing error at issue here for the first time on appeal."). Upon review, we find no error, plain or otherwise, in any aspect of the district court's sentencing computations.

Finally, we consider Rodriguez's claim that his trial attorney rendered constitutionally deficient performance by failing to raise certain sentencing arguments or to file a sentencing memorandum. "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). The record does not conclusively reveal that counsel was ineffective in his representation. Accordingly, Rodriguez's claim should be raised, if at all, in a motion pursuant to 28 U.S.C. § 2255 (2012). *See id*. at 508; *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record and found no meritorious issues for appeal.[*] Accordingly, we affirm the criminal judgment. This court requires that counsel inform Rodriguez, in writing, of his right to petition the Supreme Court of the United States for further review. If Rodriguez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rodriguez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We have reviewed the sentencing claim raised in Rodriguez's pro se supplemental brief and conclude it lacks merit.

4