**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4285**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

ALFRED DOMENICK WRIGHT,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Margaret B. Seymour, Senior District Judge.  (3:07-cr-01012-MGL-1)

Submitted:  June 20, 2019                          Decided:  July 30, 2019

Before DIAZ and FLOYD, Circuit Judges, HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Leslie Therese Sarji, SARJI LAW FIRM, LLC, Charleston, South Carolina, for Appellant. John David Rowell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfred Dominick Wright pled guilty to using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), and distributing five grams or more of cocaine base and a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (C). Wright was sentenced to a 70-month sentence for the drug offense and a consecutive 60-month sentence for the firearm offense. Following a series of post-trial motions, his sentence for the drug offense was eventually reduced to 18 months' imprisonment. Wright was released from custody and is currently on supervised release.[1] Wright's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising for the court's consideration the following issues: (1) whether the guilty pleas were knowing and voluntary; (2) whether the district court erred in the sentence reduction it gave in October 2014; and (3) whether Wright received ineffective assistance of counsel when he entered his guilty plea. Wright filed a pro se supplemental brief, expanding on the issues raised by counsel and raising additional issues. The Government did not file a brief.[2] We affirm.

---

[1] Although Wright has completed his period of incarceration, he remains on supervised release, and there may be collateral consequences. Thus, an appeal challenging the convictions and sentence is not moot. *See Sibron v. New York*, 392 U.S. 40, 55 (1968) (holding that appeal from conviction after service of sentence not moot if there may be collateral consequences); *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (holding that appeal of sentence after release from custody not moot because incarceration and supervised release are part of a unitary sentence).

[2] Because the Government did not move to dismiss the appeal, Wright's failure to file a timely notice of appeal does not deprive this court of jurisdiction. *See United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009). Furthermore, we will not invoke our authority (Continued)

2

Our review of Wright's plea hearing shows that he knowingly and voluntarily pled guilty to his offenses and that the proceeding was conducted substantially in compliance with Fed. R. Crim. P. 11. Despite Wright's claims to the contrary, we find no reversible error. *See United States v. Martinez,* 277 F.3d 517, 525 (4th Cir.2002) (noting that when defendant does not seek to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error, review is for plain error). Accordingly, we affirm his convictions.

Wright's claim of ineffective assistance of counsel is not reviewable on direct appeal because counsel's ineffectiveness does not conclusively appear on the face of the record. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Such claims should be raised in a 28 U.S.C. § 2255 (2012) motion, in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Wright's challenges to the traffic stop that led to the seizure of a firearm and drugs is waived by virtue of Wright's knowing and voluntary unconditional guilty pleas. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016).

Review of Wright's sentencing hearing also reveals no reversible error. Wright received the statutory minimum sentence for the firearm conviction. *See* 18 U.S.C. § 924(c). Additionally, we discern no procedural or substantive error in the district court's sentence for drug offense, or the later sentence reduction entered in October 2014. *See*

---

to sua sponte dismiss the appeal. *See United States v. Oliver*, 878 F.3d 120, 124-29 (4th Cir. 2017).

*Gall v. United States,* 552 U.S. 38, 51 (2007) (discussing appellate reasonableness review of sentences for an abuse-of-discretion standard).

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform Wright, in writing, of the right to petition the Supreme Court of the United States for further review. If Wright requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wright. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*