**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4166**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMARCUS DEANDRAY SEABROOKS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:17-cr-00360-MOC-DSC-1)

Submitted:  September 28, 2020                     Decided:  October 15, 2020

Before MOTZ and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Charles Robinson Brewer, Asheville, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Police officers discovered LaMarcus Deandray Seabrooks asleep in a car with a loaded gun visible under his leg and six methamphetamine pills in his pocket. Seabrooks pleaded guilty without a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of methamphetamine, in violation of 21 U.S.C. § 844(a). The district court sentenced Seabrooks to 46 months in prison, a term at the bottom of the advisory Sentencing Guidelines range of 46 to 57 months. In determining the Guidelines range, the district court applied a four-level enhancement to Seabrooks' offense level for possessing the firearm "in connection with another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2016).

On appeal, Seabrooks challenges the district court's denial of his pre-guilty plea motion to suppress evidence seized during his arrest as products of an unconstitutional seizure and search. He also contends that the district court erred in sentencing him by finding that he possessed the firearm in connection with another felony offense. We dismiss in part and affirm in part.

First, Seabrooks waived his right to appeal the denial of his suppression motion by pleading guilty unconditionally. A valid guilty plea prevents a defendant from appealing "the constitutionality of case-related government conduct that takes place before the plea is entered," including the validity of seizures and searches under the Fourth Amendment. *See Class v. United States*, 138 S. Ct. 798, 805 (2018). Although an exception to that rule is available to a defendant who preserves his right to appeal an adverse ruling on a pretrial motion by entering a conditional guilty plea, *see* Fed. R. Crim. P. 11(a)(2); *United States*

2

*v. Fitzgerald*, 820 F.3d 107, 110-11 (4th Cir. 2016), Seabrooks' plea was unconditional. Therefore, we dismiss Seabrooks' appeal to the extent he challenges the district court's denial of his suppression motion. *See United States v. Bundy*, 392 F.3d 641, 645 (4th Cir. 2004) ("Absent a valid conditional guilty plea, we will dismiss a defendant's appeal from an adverse pretrial ruling on a non-jurisdictional issue.").

Second, Seabrooks challenges the district court's application of the four-level enhancement under USSG § 2K2.1(b)(6)(B), arguing that it was not warranted in connection with the state offense with which he could have been charged with. In examining the application of the enhancement, we review the district court's legal conclusions de novo and its factual findings for clear error. *See United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). The district court's factual findings must the supported by a preponderance of the evidence; we disturb findings as clearly erroneous only when we have the "definite and firm conviction" that the district court made a mistake. *See id.* (internal quotation marks omitted).

As prescribed in the Guidelines, the § 2K2.1(b)(6)(B) enhancement applies if a defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." USSG § 2K2.1(b)(6)(B) (2016). The Guidelines define "another felony offense" as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* cmt. n.14(C).

3

Having reviewed the sentencing transcript and the record, we conclude that the district court did not clearly err when it found that Seabrooks possessed the gun in connection with his possession of methamphetamine. We therefore affirm Seabrooks' sentence.

Accordingly, we dismiss the appeal in part and otherwise affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*