**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4479**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

TONY BERNARD ALEXANDER,

             Defendant - Appellant.

**No. 20-4483**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

TONY BERNARD ALEXANDER,

             Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:18-cr-00202-MOC-DSC-1; 3:95-cr-00178-MOC-1)

Submitted:  August 18, 2021                    Decided:  October 12, 2021

Before NIEMEYER and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Tony B. Alexander, Appellant Pro Se.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Tony Bernard Alexander, proceeding pro se, pled guilty to conspiracy to tampering with a witness, 18 U.S.C. § 1512(c)(2), (k), and suborning perjury, 18 U.S.C. § 1622. He also agreed to admit to the violations alleged in a supervised release violation report. The district court imposed a total sentence of 40 months—30 months on the criminal charges and a consecutive 10 months for the supervised release violations. Alexander appeals. For the reasons that follow, we affirm.

Before accepting a guilty plea, the court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Upon review of the plea agreement and the transcript of the change of plea hearing, we conclude that the magistrate judge substantially complied with Rule 11, that Alexander knowingly and voluntarily pled guilty, and that a factual basis supported the plea.

Alexander raises challenges to the district court's order denying his motion to suppress evidence.* However, because he entered an unconditional plea, Alexander waived any challenges to the validity of the search. *See United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016) (recognizing general rule that a defendant who enters an unconditional plea "waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea").

We review Alexander's 30-month sentence for witness tampering and suborning perjury for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first ensure that the court "committed no significant procedural error," such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or inadequately explaining the sentence. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). If we find the sentence procedurally reasonable, we also review its substantive reasonableness under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the

---

\* Alexander disputes the district court's statement that Alexander handed a set of keys to the probation officer, contending that the testimony established that the probation officer discovered the keys in Alexander's pants pocket during a search of his person and then gave the keys to another officer who then used the keys to access the residence. He also disputes whether the probation officers knocked and announced their presence prior to entry of the apartment. We conclude that these alleged discrepancies were not relevant to the district court's bases for denying Alexander's motion to suppress evidence.

sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the record convinces us that Alexander's sentence is both procedurally and substantively reasonable. The district court did not clearly err in applying the enhancements for substantial interference with the administration of justice, USSG §§ 2J1.2(b)(2), 2J1.3(b)(2), and for Alexander's role in the offense, USSG § 3B1.1(c). *See United States v. Dudley*, 941 F.2d 260, 265 (4th Cir. 1991); *United States v. Osborne*, 514 F.3d 377, 387 (4th Cir. 2008). The district court properly computed Alexander's advisory Guidelines range as 30 to 37 months, considered the parties' sentencing arguments, and adequately explained its reasons for the sentence imposed. Alexander has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

With regard to Alexander's supervised release revocation, Alexander admitted to the violations and the court heard evidence in support of the violations. We find that the district court appropriately determined by a preponderance of the evidence that Alexander violated the terms of his supervised release. 18 U.S.C. § 3583(e)(3); *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010). We find no abuse of discretion by the district court in revoking Alexander's supervised release. *See United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).

The district court properly considered the applicable USSG Chapter 7 policy statement range of 21 to 27 months and the 18 U.S.C. § 3553(a) factors applicable in the supervised release revocation context, *see* 18 U.S.C. § 3583(e); *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006), and provided a sufficient explanation for the sentence

5

imposed, *see United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). We find that the 10-month revocation sentence was within the district court's discretion, *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013), and was not plainly unreasonable, *Crudup*, 461 F.3d at 439-40.

Alexander also contends that the prosecutor was permitted to ask "extremely leading" questions. This court reviews rulings on the use of leading questions for an abuse of discretion. *United States v. Durham*, 319 F.2d 590, 592 (4th Cir. 1963). "Generally, abuse of discretion is not found in the absence of prejudice or clear injustice to the defendant." *Id*. Because Alexander did not raise this objection in the district court, we review this issue for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 733-36 (1993). Our review of the record does not reveal any improper leading questioning by the prosecutor and Alexander has not established that he was prejudiced by any such questions by the prosecutor.

Alexander also asserts that the Government breached the plea agreement wherein the Government agreed not to seek an upward variance from the advisory Guidelines range determined at sentencing. We find no such breach. The enhancements applied by the district court were part of the determination of the applicable Guidelines range. The Government sought a sentence at the high end of this applicable Guidelines range, but did not seek a variance.

Alexander also challenged the use of the dismissed firearm charge to establish a violation of his supervised release. A district court may revoke a defendant's supervised release and impose a revocation sentence based on a finding, by a preponderance of the

6

evidence, that the defendant violated "state, local, or federal law even though the defendant has not been convicted of that new offense." *United States v. Jackson*, 952 F.3d 492, 500 (4th Cir. 2020). We conclude that the district court appropriately considered this violation.

Accordingly we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*