**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4391**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DUSTIN BRUCE MORAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:18-cr-00025-TSK-MJA-1)

Submitted:  April 26, 2022                 Decided:  April 28, 2022

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Charles T. Berry, CHARLES T. BERRY, ESQUIRE, Kingmont, West Virginia, for Appellant.  Brandon Scott Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dustin Bruce Moran pled guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). The district court sentenced him to 210 months' imprisonment. On appeal, Moran's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the legality of the traffic stop that led to Moran's arrest, whether Moran's guilty plea was valid, and whether counsel provided ineffective assistance by failing to file a motion to suppress, failing to investigate the traffic stop, and not seeking a more favorable plea agreement. The Government has declined to file a brief.[*] Although notified of his right to file a pro se supplemental brief, Moran has not done so. We affirm.

Because Moran did not seek to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard). Although the magistrate did not inform Moran of his right to present evidence at trial or the possibility of restitution or asset forfeiture, none of those omissions affects Moran's substantial rights. Moreover, our review of the record leads us to conclude that Moran entered his guilty plea knowingly and voluntarily, that a

---

[*] Because the Government has not moved to enforce the appellate waiver in the plea agreement, we conduct a full review pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

factual basis supported the plea, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

To the extent Moran seeks to challenge the legality of the traffic stop, because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," a defendant who "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged . . . may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). By virtue of his knowing and voluntary unconditional guilty plea, Moran has waived his challenge to the suppression of evidence. *United States v. Fitzgerald*, 820 F.3d 107, 110 (4th Cir. 2016).

With respect to Moran's allegations of ineffective assistance of counsel, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Moran fails to meet this high standard, and his "claim[s] should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moran, in writing, of the right to petition the Supreme Court of the United States for further review. If Moran requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moran.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*