**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 21-4441**

————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SYLVESTER WALKER,

        Defendant - Appellant.

————————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:20-cr-00033-JPB-JPM-1)

————————

Submitted:  March 29, 2023                         Decided:  April 12, 2023

————————

Before KING and THACKER, Circuit Judges, and MOTZ, Senior Circuit Judge.

————————

Affirmed in part and dismissed in part by unpublished per curiam opinion.

————————

**ON BRIEF:** Robert G. McCoid, MCCOID LAW OFFICES, PLLC, Wheeling, West Virginia, for Appellant.  Shawn Michael Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sylvester Walker pled guilty to distributing cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860, and distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Walker as a career offender to 120 months' imprisonment. Counsel for Walker has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Walker's guilty plea is valid, whether the district court correctly denied Walker's motion to withdraw his guilty plea, whether the court correctly denied Walker's motion to suppress, and whether Walker's sentence is reasonable. Although advised of his right to do so, Walker did not file a pro se supplemental brief. The Government declined to file a response brief. We affirm in part and dismiss in part.

Beginning with the validity of Walker's guilty plea, counsel questions whether the magistrate judge complied with the requirements of Fed. R. Crim. P. 11 in accepting Walker's guilty plea and whether Walker was competent to enter an informed plea. A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). A district court must also "ensure that the defendant is competent to enter the plea." *United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012) (internal quotation marks omitted). "[A] properly conducted Rule 11 plea colloquy raises a strong presumption that the plea is final and binding." *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (internal

2

quotation marks omitted). Because Walker moved in the district court to withdraw his guilty plea, we review the district court's "acceptance of [the] guilty plea under the harmless error standard." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016).

Here, the magistrate judge properly determined that Walker was competent and capable of entering a knowing and voluntary guilty plea. The magistrate judge also conducted a thorough plea colloquy that substantially complied with the requirements of Rule 11. After reviewing the record, we conclude that the district court's misstatement of the applicable fine for the 21 U.S.C. § 860 offense is harmless and that Walker's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. Therefore, Walker's guilty plea is valid.

Regarding Walker's motion to withdraw his guilty plea, we review a district court's denial of such motion for abuse of discretion. *Nicholson*, 676 F.3d at 383. "A defendant has no absolute right to withdraw a guilty plea." *Id.* at 383-84 (internal quotation marks omitted). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. *Id.* at 384 (listing factors courts consider in making such determination). "[A] properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *Id.* (internal quotation marks omitted). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not abuse its discretion in denying Walker's motion to withdraw his guilty plea.

Counsel also questions whether the district court erred in denying Walker's motion to suppress a confidential informant's identification of Walker. However, a valid guilty

plea prevents a defendant from appealing "the constitutionality of case-related government conduct that takes place before the plea is entered," including the validity of seizures and searches under the Fourth Amendment, unless he reserves the right to raise such a challenge in a plea agreement. *Class v. United States*, 138 S. Ct. 798, 805 (2018). Because Walker's guilty plea was unconditional, his challenge to the district court's denial of his motion to suppress "is not properly before us." *United States v. Fitzgerald*, 820 F.3d 107, 113 (4th Cir. 2016).

Finally, counsel questions whether Walker's sentence is reasonable. We "review[] all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up). We first consider "whether the district court committed significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Lester*, 985 F.3d 377, 384 (4th Cir. 2021) (cleaned up). When selecting a sentence, "a district court's explanation should provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (cleaned up).

If there are no procedural errors, we then consider the substantive reasonableness of the sentence by evaluating "the totality of the circumstances to determine whether the

4

sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* at 212 (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and the defendant bears the burden of demonstrating the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted).

We conclude that the district court afforded counsel an opportunity to argue for an appropriate sentence, allowed Walker to personally address the court, and correctly calculated Walker's Guidelines range as 188 to 235 months' imprisonment. At sentencing, Walker argued that the career offender enhancement was not intended to apply to low-level drug offenders like him. The district court imposed a significant downward variance but explained that it did not vary downwardly as far as Walker had requested because it found Walker's criminal history especially troubling and noted that Walker's offenses occurred shortly after his release from prison for similar conduct. Because the court sufficiently considered Walker's individual circumstances and responded to his arguments for a lower sentence, Walker fails to overcome the presumption of reasonableness afforded his below-Guidelines-range sentence. Therefore, the sentence is reasonable, and the district court did not abuse its discretion.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore dismiss the appeal to the extent Walker seeks to appeal the denial of his suppression motion, *see United States v. Bundy*, 392 F.3d 641, 645 (4th Cir. 2004), and affirm the district court's judgment. This court

5

requires that counsel inform Walker, in writing, of the right to petition the Supreme Court of the United States for further review.  If Walker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Walker.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*