**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4661**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DARRYL DAMON LEACH,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:20-cr-00163-RJC-DCK-1)

_____

Submitted:  April 28, 2023                    Decided:  June 26, 2023

_____

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and TRAXLER, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Paul A. Tharp, ARNOLD & SMITH, PLLC, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Damon Leach pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Leach to 94 months' imprisonment.  On appeal, Leach challenges the district court's denial of his motion to suppress evidence and statements he made to state law enforcement officials following a search of his vehicle in March 2020.  Leach also argues that his sentence is procedurally and substantively unreasonable.  We affirm.

With respect to Leach's appeal of the denial of his motion to suppress, it is well established that, "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea and has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea under [Fed. R. Crim. P.] 11." *United States v. Glover*, 8 F.4th 239, 245 (4th Cir. 2021) (cleaned up), *cert. denied*, 142 S. Ct. 838 (2022).  Because Leach does not dispute that he entered a valid and unconditional guilty plea, his challenge to the district court's denial of his motion to suppress "is not properly before us." *United States v. Fitzgerald*, 820 F.3d 107, 113 (4th Cir. 2016).  Accordingly, we dismiss this portion of the appeal.

Turning to Leach's sentence, we "review[] all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up).  "In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence,

2

considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted). In determining whether a district court properly applied the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

Leach argues that the district court erred in applying a two-level enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (2018), and in declining to apply a reduction for acceptance of responsibility under USSG § 3E1.1. As to the obstruction enhancement, the Guidelines provide for a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" and "the obstructive conduct related to . . . the defendant's offense of conviction" or "a closely related offense." USSG § 3C1.1. Leach was charged with state offenses, including attempted robbery and being a felon in possession of a firearm, stemming from his assault of a gas station clerk on March 5, 2020. On March 14, 2020, state law enforcement officers arrested Leach in connection with the gas station incident. At sentencing, an individual who was with Leach during both the gas station incident and his arrest testified that Leach assaulted her on May 21, 2020, in attempt to

3

coerce her to take responsibility for Leach's state charges. The district court applied the obstruction of justice enhancement based on the May 21 assault.

On appeal, Leach argues that he could not have "willfully" obstructed the investigation or prosecution of his federal offense under USSG § 3C1.1 because he did not know he had been charged federally at the time of the May 21 assault. However, "[t]he 'willfulness' required by [USSG] § 3C1.1 pertains to obstruction of 'the administration of justice,' not a particular investigation." *United States v. Ayers*, 416 F.3d 131, 134 (2d Cir. 2005) (internal quotation marks omitted); *see United States v. Self*, 132 F.3d 1039, 1042-43 (4th Cir. 1997) (noting that "[USSG §] 3C1.1 draws no distinction between a federal investigation and a state investigation"). Under USSG § 3C1.1, "'willful' means only that the defendant ha[s] engaged in intentional or deliberate acts designed to obstruct any potential investigation, at the time an investigation was in fact pending; it does not mean the defendant had to know for certain that the investigation was pending." *United States v. Gilchrist*, 658 F.3d 1197, 1206 (9th Cir. 2011). Thus, even if Leach was unaware that he had been charged federally, the obstruction of justice enhancement nonetheless applied because he obstructed or attempted to obstruct the state investigation into his firearm and attempted robbery offenses. *See United States v. Muslim*, 944 F.3d 154, 169 (4th Cir. 2019) ("[W]here a defendant obstructed justice in state proceedings on a charge, and the federal investigation had not yet begun, but a federal charge was subsequently brought on a related charge, [USSG] § 3C1.1 may apply.").

Leach next argues that the district court erred in declining to apply a reduction to his offense level based on acceptance of responsibility because he confessed to his offenses

4

and promptly plead guilty. Absent "extraordinary cases," a defendant receiving an enhancement for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." USSG § 3E1.1 cmt. n.4. Leach fails to demonstrate that his case was extraordinary; thus, the district court did not clearly err in declining to apply a reduction for acceptance of responsibility.

Leach additionally argues that the district court failed to sufficiently explain its reasons for the sentence, adequately consider the sentencing factors, or consider Leach's individual circumstances that would warrant a lower sentence. Although Leach presents these arguments as challenges to the substantive reasonableness of his sentence, they actually relate to the procedural reasonableness of his sentence. *See United States v. Nance*, 957 F.3d 204, 212-13 (4th Cir. 2020) (noting that, for a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented" and that "a district court's explanation [for the sentence chosen] should provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant" (cleaned up)). Our review of the sentencing transcript confirms that the district court sufficiently explained its reasons for the sentence and demonstrated an individualized consideration of Leach based on the § 3553(a) factors. The district court discussed acceptance of responsibility with the parties, considered Leach's difficult childhood, and thoroughly addressed the seriousness of Leach's offense conduct, including his assault of two individuals. Therefore, Leach's sentence is procedurally reasonable.

5

If "the district court has not committed procedural error," as here, we then assess the substantive reasonableness of the sentence. *Nance*, 957 F.3d at 212. Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). Any sentence below or within "a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.) (internal quotation marks omitted), *cert. denied,* 143 S. Ct. 164 (2022). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020) (internal quotation marks omitted).

Leach contends that the district court failed to adequately address his mitigation arguments or consider individual circumstances. As noted, these challenges relate to the procedural reasonableness of Leach's sentence, not the substantive reasonableness. In any event, the district court meaningfully and comprehensively considered Leach's mitigation arguments, and Leach fails to demonstrate how his sentence is unreasonable considering the § 3553(a) factors on which the court relied. *See id.* In light of the district court's considered explanation, we conclude that Leach fails to rebut the presumption of reasonableness afforded his within-Guidelines sentence.[*]

---

[*] In challenging the substantive reasonableness of his sentence, Leach argues that his 94-month sentence is above the Guidelines range of 57 to 71 months' imprisonment that the district court calculated at sentencing. The district court initially calculated a

6

Accordingly, we dismiss the appeal to the extent Leach seeks to appeal the denial of his suppression motion, *see United States v. Bundy*, 392 F.3d 641, 645 (4th Cir. 2004), and affirm Leach's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

Guidelines range of 57 to 71 months' imprisonment. However, after hearing arguments from the parties, the district court established a Guidelines range of 78 to 97 months' imprisonment, excluding a three-level reduction for acceptance of responsibility, because Leach had obstructed justice. In its statement of reasons, the district court confirmed that, at sentencing, it had declined to apply a reduction for acceptance of responsibility and had calculated a range of 78 to 97 months' imprisonment. Although Leach references a Guidelines range of 57 to 71 months on appeal, he does not challenge the district court's recalculation of the Guidelines range or the court's assertions in its statement of reasons. Accordingly, Leach has forfeited any challenge to the 78- to 97-month Guidelines range, making his 94-month sentence a within-Guidelines-range sentence.