**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4557**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK LANAIRE WHITE, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (2:21-cr-00011-M-1)

_____

Submitted:  September 28, 2023                    Decided:  October 2, 2023

_____

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Richard Croutharmel, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lanaire White, Jr., pled guilty to conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced White to 140 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in denying White's motion to suppress and whether the court correctly calculated the drug weight attributable to White. We affirm in part and dismiss in part.

It is well established that, "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea and has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea under Rule 11." *United States v. Glover*, 8 F.4th 239, 245 (4th Cir. 2021) (cleaned up). Because White entered a valid and unconditional guilty plea, his challenge to the district court's denial of his motion to suppress "is not properly before us." *United States v. Fitzgerald*, 820 F.3d 107, 113 (4th Cir. 2016). Accordingly, we dismiss this portion of the appeal.

Turning to White's sentence, we "review[] all sentences . . . under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up). "In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the defendant's advisory [Sentencing G]uidelines range, gave the parties an opportunity to argue for an appropriate

2

sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted).

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). Any sentence below or within "a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 143 S. Ct. 164 (2022). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020) (internal quotation marks omitted).

When considering whether a district court properly applied the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018); *see United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011) (reviewing for clear error "district court's calculation of the quantity of drugs attributable to a defendant" (internal quotation marks omitted)). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

3

At the sentencing hearing, White argued that the drug weight attributed to him in the presentence report (PSR) was too high because the probation officer had relied, in part, on White's own statements to law enforcement, in which White had allegedly exaggerated the extent of his drug trafficking. "The defendant bears the burden of establishing that the information relied upon by the district court—here the PSR—is erroneous." *Slade*, 631 F.3d at 188. An officer testified at sentencing that he had over 20 years of experience investigating narcotics crimes and that, given the amount of fentanyl found in White's residence, the officer believed that White was—if anything—understating the extent of his drug trafficking. In light of the officer's testimony and White's own statements, we conclude that the district court did not clearly err in determining that White failed to meet his burden of proving that the information in the PSR was erroneous.

The district court properly calculated the advisory Guidelines range as 168 to 210 months' imprisonment, allowed White to allocute, and afforded defense counsel an opportunity to argue for an appropriate sentence. Although the court found that the PSR accurately described the drug weight attributable to White, the court nonetheless varied downwardly two offense levels, to a range of 140 to 175 months' imprisonment, because most of the drug weight stemmed from White's own statements to law enforcement. After thoroughly addressing White's arguments and the § 3553(a) factors, the court determined that a 140-month sentence was necessary. Our review of the record confirms that the district court sufficiently explained its reasons for imposing White's within-Guidelines sentence, and White fails to overcome the presumption of reasonableness afforded to it. Thus, White's sentence is procedurally and substantively reasonable.

4

In accordance with *Anders*, we have reviewed the record in its entirety and have found no meritorious grounds for appeal. Accordingly, we dismiss the appeal to the extent White seeks to challenge the denial of his suppression motion, and we affirm the criminal judgment. This court requires that counsel inform White, in writing, of the right to petition the Supreme Court of the United States for further review. If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on White. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*