**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4100**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DILLINGER MATSON BOLDEN, a/k/a Nuke,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, Chief District Judge.  (8:21-cr-00490-TMC-1)

---

Submitted:  December 12, 2024             Decided:  January 27, 2025

---

Before WILKINSON, HEYTENS, and BERNER, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**ON BRIEF:** James A. Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South Carolina, for Appellant.  Justin William Holloway, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dillinger Matson Bolden pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), 846. The district court sentenced Bolden below the advisory Sentencing Guidelines range to 189 months' imprisonment. On appeal, Bolden's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Bolden's sentence is procedurally reasonable because the district court failed to adequately consider a letter he offered in mitigation. In his pro se supplemental brief, Bolden raises the court's alleged failure to consider the letter and questions whether previously litigated suppression issues present meritorious grounds for appeal. The Government declined to file a brief. As explained below, we affirm in part and dismiss in part.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021). In conducting this review, we must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account

2

the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence must be "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 306 (internal citation omitted).

Bolden's sentence is procedurally reasonable. The district court correctly calculated Bolden's Guidelines range, afforded the parties an opportunity to present arguments as to the appropriate sentence, and listened to Bolden's allocution. The court also weighed the § 3553(a) factors it deemed most relevant and provided a reasoned explanation for the chosen sentence. Bolden's only challenge to the procedural reasonableness of the sentence is whether the court adequately considered a letter offered for mitigation purposes. While the district court did not explicitly reference the letter during the pronouncement of Bolden's sentence or in its statement of reasons, the court fully heard both Bolden and his counsel on the issue and the record establishes that the court properly considered numerous other mitigating factors, such as Bolden's intelligence, good familial relationships, employment history, and the need to avoid an unwanted sentence disparity between Bolden and his codefendant. The district court made the reasoning behind its decision clear, detailing Bolden's criminal history and emphasizing the seriousness of a drug offense to the community. Therefore, Bolden's sentence is procedurally reasonable, and because Bolden has not demonstrated that his term of imprisonment "is unreasonable when

3

measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of substantive reasonableness accorded his below-Guidelines sentence. *Id.* Accordingly, Bolden's sentence is procedurally and substantively reasonable.

In his pro se supplemental brief, Bolden also seeks to appeal the district court's denial of his motions to suppress. It is well established that, "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea and has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea under Rule 11." *United States v. Glover*, 8 F.4th 239, 245 (4th Cir. 2021) (cleaned up). Because Bolden entered a valid unconditional guilty plea, his challenge to the district court's denial of his motions to suppress is not properly before [this court]." *United States v. Fitzgerald*, 820 F.3d 107, 113 (4th Cir. 2016). Accordingly, we dismiss this portion of the appeal. *See United States v. Bundy*, 392 F.3d 641, 645 (4th Cir. 2004) ("Absent a valid conditional guilty plea, [this court] will dismiss a defendant's appeal from an adverse pretrial ruling on a non-jurisdictional issue.").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore dismiss Bolden's appeal of the district court's denial of his suppression motions, and we affirm the district court's judgment. This court requires that counsel inform Bolden, in writing, of the right to petition the Supreme Court of the United States for further review. If Bolden requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bolden.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*